## Case No. 13,729.

### TALBOT v. SELBY.

[1 Cranch, C. C. 181.] [1]

Circuit Court, District of Columbia. July Term, 1804.

WITNESS—INTEREST—AFFECTING CREDIT—PLEADING AT LAW—VARIANCE WITH PROOF.

1. In an action by an administrator of an insolvent estate, it is not a good objection to the plaintiff's witness that he is a creditor of the intestate, although that circumstance may affect his credit.

2. A declaration in general indebitatus assumpsit for one thousand dollars, for sundry quantities of cattle sold and delivered, is not supported by evidence of a special contract to sell and deliver four yoke of steers at a certain price for each yoke; and a delivery of the cattle under the agreement.

[Cited in Hyde v. Liversee, Case No. 6,972.]

Indebitatus assumpsit for one thousand dollars for sundry quantities of cattle sold and delivered at defendant's request. The evidence offered was an agreement to sell and deliver to the defendant four yoke of steers, at a certain price for each yoke, amounting in the whole to less than one thousand dollars; and a delivery of the cattle under the agreement.

James Harrison, a witness for plaintiff [Talbot, administrator of Robinson], having been sworn and examined, and it appearing that he was a creditor of the intestate, and that the estate was insolvent, Mr. Mason, for the defendant, objected to the competency of the witness.

THE COURT stopped Mr. Key from replying, and said that the interest was too remote to affect his competency, but that it was a circumstance which might affect his credit.

Mr. Mason prayed the court to instruct the jury, "that if, from the evidence given, they are satisfied that there was a special contract made between the intestate and Henry Selby to purchase and sell four yoke of steers, at a particular price between them settled and agreed upon, for each yoke of the steers so contracted for, the price of each yoke being different the one from the other; or that if, from the evidence given in this cause, the jury shall be satisfied that by the contract between the intestate and the defendant a permission or license was given by the intestate, to the defendant to take four yoke of steers, then the property of the intestate, at a certain stipulated price by the intestate fixed upon each

[1] [Reported by Hon. William Cranch, Chief Judge.]

yoke of the said steers, and that in pursuance of that permission and license the defendant did afterwards take the said steers, that evidence of either of such contracts is not competent in law to sustain either of the counts in the plaintiff's declaration, and that therefore they ought to find for the defendant."

Mr. Key contended that when there is a special contract, and the plaintiff has performed his part, he may maintain a general indebitatus assumpsit; or, in other words, that the duty having been performed, the law raised the promise; and cited the case of Hannah v. Lee [1 Har. & J. 131],[2] in the court of appeals of Maryland, June term, 1804, in which the court said that "whenever the plaintiff has performed his part of the contract, or has been prevented by the defendant from performing it, an indebitatus assumpsit will lie."[2]

THE COURT gave the instruction as prayed by Mr. Mason.

KILTY, Chief Judge, absent.

Mr. Key had leave to amend on continuance and costs. Mr. Key afterwards obtained a rule to show cause why the costs of this term should not await the issue of the cause, on the ground of the misdirection of the court.

Mr. Key. There are two kinds of assumpsit, a general indebitatus, and a special assumpsit. Bull. N. P. 182; Impey, 171; Moses v. Macferlan, 2 Burrows, 1005; Slade's Case, 4 Coke, 92. The old strictness of pleading has been much relaxed. Gordon v. Martin, Fitzg. 303, recognized in Bull. N. P. 139; Walker v. Witter, Doug. 1. Upon parol contracts, it is almost impossible to state precisely the terms of a contract exactly as they shall turn out in evidence. In general indebitatus assumpsit, you may recover less than you count for. Impey, 172, 200.

Mr. Key also cited the following authorities: Esp. N. P. 130, 138, 140; Rolleston v. Hibbert, 3 Term R. 412; Cates v. Knight,

Id. 444; Cutter v. Powell, 6 Term R. 320: Payne v. Bacomb, Doug. 651; Robinson v. Bland, 2 Burrows, 1077, 1078; Prec. Dec. 18, 19.

THE COURT, however, remained of the same opinion, after consulting the following authorities: Seward v. Baker, 1 Term R. 616; Esp. N. P. 130; Weston v. Downes, Doug. 24; Towers v. Barrett, 1 Term R. 134; Toussant v. Martinnant, 2 Term R. 104; Esp. N. P. 138; Anon., 1 Ld. Raym. 735; Hockin v. Cooke, 4 Term R. 314; Bull. N. P. 145; Churchill v. Wilkins, 1 Term R. 449; Esp. N. P. 140; Cutter v. Powell, 6 Term R. 320; Duncomb v. Tickridge, Aleyn, 94; Baker v. Edmonds, Id. 29; Janson v. Colomore, 1 Rolle, 396; Beckingham v. Scot, 2 Keb. 240; Milward v. Ingram, 2 Mod. 43; Gordon v. Martin, Fitzg. 303; Baker's Case of Gray's Inne v. Occould, Godb. 186; Holme v. Lucus, Cro. Car. 6; Cooke v. Samburne, 1 Sid. 182; 1 Vin. Abr. 360; 1 Com. Dig. 193; System of Pleading, 104; Gilb. Ev. 188; Godb. 154; Child v. Guiat, Styles, 243; Giles v. Edwards, 7 Term R. 181; Barker v. Sutton, Trials per Pais (3d Ed.) 186; Franklin v. Walkens, Id. 187; Old Law of Evidence, 158, 160, 165, 166; Cheney v. Hawes, Moore, 466; Tissard v. Warcup, 2 Mod. 280; Gilb. Ev. 189, etc.; Trials per Pais, 504; Mustard v. Hopper, Cro. Eliz. 149; Lea v. Adams, 3 Bulst. 35; Revera v. Baptista, Moore, 470; King v. Robinson, Cro. Eliz. 79; Bagnal v. Sacheverell, Id. 292; Munday v. Martin, Id. 660.

Rule discharged.

At the December term, 1804, the cause was tried upon the amended declaration, and a verdict rendered for the plaintiff for $116.50.